**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | |
| **BRADLEY ALLEN FUTCH,** | **CASE NO. 09-01841-NPO** |
| **DEBTOR.** | **CHAPTER 7** |
| | |
| **IN RE:** | |
| **GARY A. FUTCH,** | **CASE NO. 09-51705-NPO** |
| **DEBTOR.** | **CHAPTER 7** |
| | |
| **JOHN T. LANIER** | **PLAINTIFF** |
| **VS.** | **CONSOLIDATED** |
| | **ADV. PROC. NO. 09-00144-NPO** |
| **BRADLEY ALLEN FUTCH AND** | |
| **GARY A. FUTCH** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER RESOLVING
ORDER TO SHOW CAUSE AND STRIKING DEFENDANTS'
MOTION TO AMEND FINDINGS AND CONCLUSIONS, AND
TO AMEND JUDGMENT AND REQUEST FOR ALLOWANCE OF
ADDITIONAL TIME FOR DEFENDANTS TO SUPPLEMENT
OR AMEND THIS MOTION (ADV. DKT. NO. 36)**

This matter came before the Court for hearing on April 1, 2011 (the "Hearing"), on the Court's Order to Show Cause ("Show Cause Order") (Adv. Dkt. No. 39) requesting that Bradley Allen Futch ("Bradley Futch") and Gary A. Futch ("Gary Futch") (together, the "Futches") show cause why the Defendants' Motion to Amend Findings and Conclusions, and to Amend Judgment and Request for Allowance of Additional Time for Defendants to Supplement or Amend this Motion (the "Motion") (Adv. Dkt. No. 36) should not be stricken or why some other relief should not be imposed in this adversary proceeding ("Adversary"). The Motion was signed by the Futches while allegedly acting without the assistance of counsel. Also before the Court was the Defendants'

Response to Order to Show Cause ("Response to Show Cause Order") (Adv. Dkt. No. 44) filed by the Futches on March 23, 2011.[1] At the Hearing, the Futches appeared on behalf of themselves, and Charles Frank Fair Barbour appeared on behalf of John T. Lanier, the plaintiff in this Adversary ("Mr. Lanier").

**Jurisdiction**

The Court has jurisdiction over the parties and the subject matter of the Adversary pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Notice of the Show Cause Order was proper under the circumstances.

**Procedural History**

In the Motion, the Futches seek reconsideration of the Memorandum Opinion on Complaints to Determine Dischargeability of Debt filed in Consolidated Adv. Proc. No. 09-00144-NPO (the "Opinion") (Adv. Dkt. No. 32) and the Final Judgment on Complaints to Determine Dischargeability of Debt filed in Consolidated Adv. Proc. No. 09-00144-NPO (Adv. Dkt. No. 33). In the alternative, the Futches seek an additional fourteen (14) days after receipt of the trial transcript to supplement or amend the Motion. In the Final Judgment, the Court awarded Mr. Lanier a judgment in the amount of $1,948,801.35 against Bradley Futch and found that the debt reflected in that judgment and that debt reflected in a state court judgment previously rendered against Gary Futch in the same principal amount were both non-dischargeable debts under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4).

Originally, the Motion itself and John T. Lanier's Limited Response to Debtors' Motion to Amend (Adv. Dkt. No. 43) were set for hearing at the same time as the Show Cause Order, but the

---

[1] The Response to Show Cause Order, like the Motion, was signed by the Futches while allegedly acting without the assistance of counsel. Because of the result reached in this matter, it is unnecessary for the Court to determine the preparer of the Response to Show Cause Order.

Futches belatedly requested a continuance of the hearing on the merits. They were unprepared to present their arguments because they had not yet obtained a copy of a transcript of the trial of the Adversary, which they believed was necessary in order to find support for the relief they sought, and in the event the Motion was stricken as a consequence of the Show Cause Order, the Futches did not want to incur the expense of a trial transcript.

At the end of the Hearing, the Court took the Show Cause Order under advisement and re-set the Motion for a hearing on the merits on June 27, 2011. This date was chosen in order to allow the Futches sufficient time to obtain a copy of the trial transcript. After further consideration of these matters, however, the Court has concluded that the Futches failed to show cause at the Hearing for the reasons set forth below and that the Motion should be stricken. Accordingly, the Court will not reach the substance of the Motion, and the hearing set for June 27, 2011, is hereby cancelled.

## Discussion

The Motion itself does not disclose that an attorney or other legal professional was involved in its preparation, but its form and content suggest otherwise. For example, the caption of the Motion conforms substantially to Official Form 16(D) of the Official Bankruptcy Forms. Also, the Motion refers to Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure, cites 11 U.S.C. § 523(a)(2)(A) and (a)(4) of the Bankruptcy Code, and includes a fairly sophisticated legal analysis of what happened at the trial of the Adversary. Moreover, the Motion complies with local bankruptcy rules by identifying the docket numbers of the underlying pleadings[2] and by including

---

[2] Local Rule 9004-1(b) requires that "[a]ll documents filed with the clerk that relate to a document previously filed and docketed shall sufficiently identify the related document and state its docket number, if available. The form of the reference to the docket number of the related document shall be 'Dkt. #    .'" Miss. Bankr. L.R. 9004-1.

an attached proposed order granting the relief sought.³ Yet, the Motion is signed only by the Futches.

### A. Ghostwriting

The first issue before the Court is whether someone other than the Futches prepared the Motion. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-47 (1991) (federal courts have the inherent power to regulate the practice of law in cases pending before them); see also Am. Express Travel Related Servs. v. Chandler (In re Chandler), 139 B.R. 817, 819 (Bankr. S.D. Miss. 1992) (bankruptcy judges have broad discretion to determine who shall practice before them in each case and to monitor their conduct). When an attorney "prepares documents for filing for a party who would otherwise appear unrepresented in litigation," that attorney engages in "ghostwriting," a practice that violates Federal Rule of Bankruptcy Procedure 9011. See In re Cash Media Sys., Inc., 326 B.R. 655, 673 (Bankr. S.D. Tex. 2005). The Court issued the Show Cause Order to the Futches to determine the identity of the preparer of the Motion. In the Response to Show Cause Order, the Futches state that the Motion "was prepared without the assistance of counsel" but do not state that they prepared the Motion themselves.

At the Hearing, the Futches confirmed that they are no longer represented by an attorney in this Adversary and were not represented by an attorney at the time the Motion was drafted and filed.⁴ They admitted, however, that they did not prepare the Motion without assistance. According to the

---

³ See Miss. Bankr. L.R. 5005-1(a)(2)(D)(i) ("Every motion filed shall have as an attachment a proposed order granting the motion.").

⁴ Thomas L. Webb withdrew as counsel of record for the Futches on February 18, 2011. See Order Granting Motion of Thomas L. Webb to Withdraw as Counsel of Record for Defendants (Adv. Dkt. No. 35).

Futches, a family member, who is not an attorney herself but who nevertheless is knowledgeable about bankruptcy law and procedure, helped them draft the Motion. This family member is Gary Futch's sister and Bradley Futch's aunt, Gary Futch and Bradley Futch being father and son, respectively. She acquired her knowledge about bankruptcy law as a result of her current job, which she has held for a number of years. Gary Futch first testified that this family member works for a bankruptcy attorney in Florida but after a brief recess in the Hearing, corrected his testimony by stating that she works for a bankruptcy judge in Florida. Notably, the Futches also testified that she was previously a client of their now defunct company and like Mr. Lanier, she lost her investment in the commodities market. Consequently, both Futches listed her as an unsecured creditor in their bankruptcy schedules. See Case No. 09-01841-NPO, Schedule F (Dkt. No. 3); Case No. 09-51705-NPO, Schedule F (Dkt. No. 3). Based on the testimony of the Futches, the Court finds that the Motion was indeed "ghostwritten" by this family member.[5]

### B. Unauthorized Practice of Law

The next question before this Court is whether the ghostwritten Motion was the result of the unauthorized practice of law. Although *pro se* litigants in civil actions in federal court have the right to represent themselves pursuant to 28 U.S.C. § 1654,[6] they do not have the right to representation by an unlicensed lay person practicing law. Guajardo v. Luna, 432 F.2d 1324 (5th Cir.1970). This issue requires the Court to examine, as a preliminary matter, the definition of the practice of law with

---

[5] The family member, whose alleged involvement in this Adversary was unknown to this Court prior to the Hearing, was not subject to the Show Cause Order, and did not appear at the Hearing on her own volition. Therefore, the Court does not have the benefit of her testimony.

[6] "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

regard to the drafting and preparation of pleadings.

In that vein, the Mississippi Supreme Court has described the practice of law as "the drafting or selection of documents, the giving of advice in regard to them, and the using of an informed or trained discretion in the drafting of documents to meet the needs of the person being served." Darby v. Miss. State Bd. of Bar Admissions, 185 So. 2d 684, 687 (Miss. 1966). The penalty for practicing law in Mississippi without a license is found at Miss. Code Ann. § 73-3-55. That provision similarly defines the practice of law as follows:

> Any person who shall for fee or reward or promise, directly or indirectly, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein, or who shall write or dictate any bill of sale, deed of conveyance, deed of trust, mortgage, contract, or last will and testament, or shall make or certify to any abstract of title to real estate other than his own or in which he may own an interest, shall be held to be engaged in the practice of law.

Miss. Code Ann. § 73-3-55.

The Court now turns to the testimony of the Futches regarding the specifics of their family member's role in drafting the Motion. Initially, Gary Futch testified that she was not responsible for the substance of the Motion but only for its format. As Gary Futch first explained, he had previously written a letter to the Court that set forth why he believed the Court erred in its factual findings in the Opinion. He forwarded that letter to the family member, who then changed it into the form of the Motion. Again, according to Gary Futch's initial testimony, she made no other contribution to the Motion except, perhaps, for correcting certain "grammatical" errors.

At the Hearing, however, when the Court asked the Futches to explain the bankruptcy rules cited in the Motion, neither Gary Futch nor Bradley Futch was able to respond. This line of questioning quickly led Gary Futch to admit that without the assistance of the family member, they

could not have provided any legal authority whatsoever in the Motion. Indeed, Gary Futch testified that it was the family member who decided which bankruptcy law and rules might help them obtain the specific relief they sought.

Based on the testimony of the Futches, the Court finds that the family member was not a mere scrivener when she prepared the Motion, as the Futches first attempted to portray her at the Hearing. Without doubt, she used her own knowledge of bankruptcy laws and rules in determining the terminology to use in the Motion and even the type of pleading to file. She was sought out by the Futches precisely because the depth of her knowledge about bankruptcy law and procedure greatly surpassed that of an average lay person. That she prepared the Motion from a letter provided by Gary Futch makes no difference. While the Futches may have supplied the facts, she provided the law and then applied the law–precisely what lawyers are trained and paid to do.

It also makes no difference that she apparently received no direct compensation for the assistance she provided the Futches. In Mississippi, "the practice of law does not necessarily involve charging or receiving a fee for services performed." Darby, 185 So. 2d at 687. Even so, there was at least the potential that she would receive an indirect benefit because the likelihood that one or both of the Futches would voluntarily reimburse her for her investment losses increased significantly if the Futches were not burdened by a non-dischargeable judgment in the amount of $1,948,801.35 against them as the result of this Adversary.

In bankruptcy cases in other jurisdictions, the preparation of motions has been held to constitute the practice of law. In re McCarthy, 149 B.R 162, 166-67 (Bankr. S.D. Cal. 1992); Michel v. Larson (In re Webster), 120 B.R. 111, 113 (Bankr. E.D.Wis.1990). Likewise, the Court finds that

the preparation of the Motion by the family member constituted the unauthorized practice of law.[7] The Futches presented no evidence that they had the ability to prepare the Motion independently or that they were the architect of the strategy behind it. Absent the assistance of the family member, the Futches simply could not have prepared the Motion as filed.

### C. Sanctions

The final issue before this Court is what remedy to apply. The goal of the Court in this regard is to minimize the harm caused by the filing of the Motion. Notably, the ghostwriter of the Motion is a judicial insider, a status that renders her involvement in the preparation of the Motion particularly concerning. The Court concludes that maintaining the integrity of the bankruptcy system requires that the Motion be stricken in its entirety. In addition, the striking of the Motion should deter the Futches from again seeking out a family member or any other non-lawyer to assist them in matters that involve the practice of law. See Fed. R. Bankr. P. 9011(c).

### Conclusion

The Court concludes that the Motion was ghostwritten by someone who engaged in the unauthorized practice of law. The Futches may proceed to represent themselves *pro se* in this Adversary, or they may hire legal counsel, but they may not submit pleadings to this Court that have been drafted by a lay person engaged in the unauthorized practice of law.

IT IS, THEREFORE, ORDERED that the Show Cause Order should be, and hereby is, resolved.

IT IS FURTHER ORDERED that the Motion should be, and hereby is, stricken from this

---

[7] Even if she were authorized to practice law before this Court, the family member was ineligible from acting as counsel for the Futches because her status as an unsecured creditor rendered her ineligible under the "disinterestedness" standard in 11 U.S.C. § 327(a).

Adversary.

IT IS FURTHER ORDERED that the hearing scheduled on June 27, 2011, on the merits of the Motion is hereby cancelled.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: May 18, 2011